UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-24482-CIV-SEITZ/WHITE

LYDIA WARD,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE 14], in which Magistrate Judge White recommends that Petitioner's Motion to Vacate be denied, that no certificate of appealability issue, and that this case be closed. The Petitioner has filed objections [DE 19].[1] Petitioner was indicted, tried, and convicted on one count of conspiracy to commit health care fraud. The Report found that Petitioner's Motion to Vacate [DE 1], Amended Motion to Vacate [DE 7], and Supplement to the Motion to Vacate [DE 8] raised six grounds for relief:

---

[1] While the Petitioner has labeled her document a "Reply" to the Government's response to Petitioner's motion to vacate, the Court will treat it as objections for the following reasons. After the Report issued, Petitioner filed a "Motion for Enlargement of Time to Reply to the Report of the Honorable Magistrate" [DE 15]. The Court granted the motion giving Petitioner extra time to file her "objections" in reply to the Report. [DE 16]. Petitioner then filed her "Second Motion for Enlargement of Time to Reply to the Response of the Government and to the Report of the Honorable Magistrate" [DE 17]. The Court granted this motion in part, allowing Petitioner additional time to file objections to the Report, but denied Petitioner's request for an extension of time to file a reply to the Government's response to her 28 U.S.C. § 2255 motion, which had been filed more than a year earlier. [DE 18]. Thus, Petitioner only obtained permission to late file objections to the Report; any reply to the Government's response is untimely and filed without Court permission. Consequently, the Court will treat Petitioner's "Reply" as objections.

(1) Petitioner was denied effective assistance of trial counsel when her lawyer failed to object and preserve for appeal: (a) that the Court erred in permitting the Government to introduce into evidence post-arrest statements of cooperating co-defendants that implicated Petitioner; (b) that the Court erred in permitting the Government to question its cooperating witnesses about their guilty pleas in order to prove Petitioner's guilt; and (c) that the Court erred in allowing the Government to cross-examine the Petitioner regarding whether other witnesses had lied during trial.

(2) There was insufficient evidence adduced at trial to support Petitioner's conspiracy conviction since she neither agreed to join nor was otherwise part of the charged conspiracy.

(3) The trial court erred in allowing Quindoza to testify as an expert witness regarding Medicare coverage rules requiring that all patients be personally examined by physicians.

(4) The trial court erred in denying Petitioner the opportunity to call a rebuttal expert, Ms. Panzer, regarding Medicare guidelines and policies in order to rebut Quindoza's testimony.

(5) Petitioner was denied effective assistance of counsel, where her lawyer failed to investigate the Government's "probable misconduct" in another criminal case, which she maintains could also have occurred in her case.

(6) Petitioner is entitled to vacatur of her sentence and a minor role reduction to her base offense level in accordance with Amendment 794 to U.S.S.G. § 3B1.2.

The Magistrate Judge found that all six grounds lacked merit and recommended denial of Petitioner's claims. While Petitioner does not object to the Magistrate Judge's recitation of the procedural history or the facts adduced at trial, Petitioner raises four objections to the Report:

(1) Petitioner was denied effective assistance of trial counsel when counsel failed to make timely objections to the admission of certain evidence at trial.

(2) Petitioner was denied effective assistance of trial counsel when counsel failed to present expert witnesses to refute the issues of Medicare fraud raised by the Government.

(3) Petitioner was denied effective assistance of trial counsel when counsel failed to properly investigate and present the evidence presented to him by Petitioner.

(4) Petitioner was denied effective assistance of appellate counsel because counsel failed to argue "plain error" on appeal.

2

Petitioner's first two objections address issues 1, 3, and 4 in the Magistrate Judge's Report. Petitioner's last two objections, however, raise new claims, not previously raised and not addressed by the Report.

## I. Petitioner's Objections Are Overruled

### A. *Two of Petitioner's Objections Are Time Barred*

As noted, two of Petitioner's objections are new arguments not previously raised in her moving papers in this § 2255 action. Specifically, for the first time in her objections, Petitioner argues that she had ineffective assistance of appellate counsel because appellate counsel did not argue the correct standard of review on appeal and that she had ineffective assistance of trial counsel because counsel failed to properly access and utilize Petitioner's work files. These two arguments, first raised in Petitioner's objections filed on March 12, 2018, are time barred under AEDPA's one year statute of limitations. 28 U.S.C. § 2255 (f). The claims would not be time barred if the they relate back to Petitioner's other filings. Fed. R. Civ. P. 15(c). For a claim to relate back in a § 2255 proceeding "the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Mabry v. United States*, 336 Fed. App'x 961, 963 (11th Cir. 2009) (quoting *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)).

These two claims do not relate back because they do not arise out of the same set of facts as Petitioner's other claims in her § 2255 Motion, her Amended Motion, and her Supplement. Nothing in any of these filings raises issues about the performance of appellate counsel. Thus, Petitioner's claim that she had ineffective assistance of appellate counsel cannot relate back to her earlier filings and is, thus, time barred. Petitioner's other claim also arises out of separate

3

facts as Petitioner's earlier claims. Petitioner has not previously raised issues regarding trial counsel's review of and use at trial of Petitioner's work files. Thus, this claim also does not relate back. Accordingly, both these objections are denied as untimely attempts to amend her Motion to Vacate.

### B. *Petitioner's Remaining Two Objections Are Overruled*

Petitioner's remaining two objections are couched in terms of ineffective assistance of trial counsel. In order to establish an ineffective assistance of counsel claim, a petitioner must prove that: (1) counsel's representation of the petitioner fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of the *Strickland* standard, a petitioner bears a heavy burden: she "must establish that no competent counsel would have taken the action that [her] counsel did take." *Chandler v. U.S.*, 218 F.3d 1305, 1315 (11th Cir. 2000) (citation and footnote omitted). Under the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

#### i. *Counsel's Failure to Object Did Not Result in Prejudice*

Petitioner maintains that her trial counsel was inadequate because he failed to object to: (1) the admission of her co-defendant's post-arrest statements which allegedly implicated Petitioner in the conspiracy; (2) the Government questioning its cooperating witnesses about their guilty pleas in order to prove Petitioner's guilt; and (3) the Government's cross-examination of Petitioner about whether the other witnesses were lying. The Report found these arguments

4

unpersuasive because, even if counsel's failure to object was deficient, Petitioner had not shown that she suffered prejudice as a result.

Petitioner's objections focus on whether it was reasonable for her counsel to not object. She then concludes that "the conclusion of prejudice is inescapable." DE 19 at 19. However, such a conclusory, unsupported statement is not sufficient for Petitioner to meet her burden under *Strickland*. *See Garcia v. United States*, 456 Fed. App'x 804, 807 (11th Cir. 2012) ("The petitioner will not carry his burden to establish prejudice by raising 'bare allegations of deficient performance.'") (citation omitted). Further, as noted in the Report, there was substantial other evidence adduced at trial that implicated Petitioner in the conspiracy. Finally, as part of Petitioner's direct appeal, the Eleventh Circuit found that the introduction of this evidence did not affect Petitioner's substantial rights. *See United States v. Willner*, 795 F.3d 1297, 1324 (11th Cir. 2015). Thus, Petitioner has not shown that, but for her counsel's failure to object, there is a reasonable probability that the result of the trial would have been different. Consequently, this objection is overruled.

### ii. *Counsel's Failure to Present an Expert Did Not Result in Prejudice*

Petitioner also argues in her objections that she received inadequate representation because her counsel failed to present expert witnesses to rebut the issues raised by Government witness, Stephen Quindoza. In her moving papers Petitioner did not raise this issue in terms of ineffective assistance of counsel; instead, she raised it by arguing that the trial court erred by permitting Quindoza to testify as an expert and by not permitting Petitioner's proffered expert, Karen Panzer, to testify as an expert. However, the arguments regarding both Quindoza and Panzer were directly addressed by the Court of Appeals in Petitioner's direct appeal. *See*

*Willner*, 795 F.3d at 1323-24. The Eleventh Circuit held that allowing Quindoza to give expert testimony "was not prejudicial to her case [and] did not affect her substantial rights." *Id.* at 1323. It further held that the district court did not err in excluding Panzer's testimony as an expert. *Id.* at 1324.

Generally, a district court is not required to consider claims of error raised in a § 2255 proceeding that were previously raised and disposed of on direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Clearly, Petitioner has raised her claims regarding Quindoza and Panzer on direct appeal. Thus, the Court need not consider them here. However, even if counsel's performance was somehow deficient as Petitioner maintains, Petitioner has not shown how she was prejudiced by counsel's actions. Furthermore, the Eleventh Circuit has already held that she was not prejudiced by Quindoza's testimony. Consequently, even if the Court were to consider Petitioner's arguments, she has not met the prejudice prong of *Strickland*. Thus, this objection is overruled.

## II. Petitioner is Not Entitled to An Evidentiary Hearing

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of the petitioner are affirmatively contradicted by the record or when the contentions of the petitioner are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in detail in the Magistrate Judge's Report and herein, Petitioner's claims are without merit and thus she is not entitled to an evidentiary hearing.

6

## III. Certificate of Appealability

The Court will deny issuance of a certificate of appealability for Petitioner's Motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. Under that rule, the Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Petitioner has not made this showing.

Accordingly, having carefully reviewed, *de novo*, Magistrate Judge White's thorough Report, the record, and the objections, it is hereby

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE 14] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

(2) Petitioner's Motion to Vacate Sentence [DE-1], Amended Motion [DE 7], and Supplement [DE 8] are DENIED;

(3) Petitioner's objections [DE 19] are OVERRULED;

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

(5) This case is CLOSED; and

(6) Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, certification of appealability is DENIED.

DONE and ORDERED in Miami, Florida, this __18th__ day of June, 2018.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record/*Pro se party*